C. I. T. FINANCIAL SERVICES, INC. OF MICHIGAN v LEWIS

GARNISHMENT—COSTS—ATTORNEY'S FEES—JUDGE'S DISCRETION—APPEAL AND ERROR—COURT RULES.

A trial court in a garnishment action may award a garnishee-defendant reasonable attorney's fees incurred in filing a disclosure and other necessary costs; the award of such fees and costs is discretionary with the trial court and the Court of Appeals is limited in its scope of review to the question of whether the trial court's action amounted to an abuse of discretion (GCR 1963, 526.9).

Appeal from Wayne, James N. Canham, J. Submitted November 14, 1977, at Detroit. (Docket No. 31543.) Decided March 6, 1978.

C. I. T. Financial Services, Inc. of Michigan secured judgment against Lonnie Lewis for money owing and subsequently obtained judgments of garnishment against his employer, General Motors Corporation. General Motors moved for payment of costs and attorney fees incurred in the garnishment proceedings. A judgment was entered awarding some costs and fees to General Motors. General Motors appeals, contending the award was inadequate. Affirmed.

*Wendell R. Tucker,* for garnishee-defendant General Motors Corporation.

REFERENCES FOR POINTS IN HEADNOTE
[1] 6 Am Jur 2d, Attachment and Garnishment § 407.
Attorneys' fees: amount of compensation of attorney for services in garnishment proceeding in absence of contract or statute fixing amount. 56 ALR2d 111.

Before: Bronson, P. J., and Allen and T. M. Burns, JJ.

Bronson, P. J. Garnishee-defendant General Motors Corporation appeals as inadequate an order awarding it costs in a garnishment proceeding against an employee. General Motors requested costs including attorney fees of $868.81. The trial court awarded General Motors $350.

Plaintiff contested every item of General Motors' bill of costs in the court below, arguing *inter alia* that it had paid the requisite disclosure fee, GCR 1963, 738.4(1), that General Motors is required by law to maintain a resident agent for service of process for which plaintiff should not be required to pay, that expenses incurred in discovery were caused by General Motors' failure to make adequate disclosure and that expenses incurred in moving for costs were not "necessary" expenses.

General Motors, on the other hand, argues that it is an innocent stakeholder, that GCR 1963, 526.9 allows a garnishee to recover "necessary" expenses and that all costs should be awarded unless there is collusion between the garnishee defendant and the principal defendant.

GCR 1963, 526.9 provides in part:

"Costs in Garnishment Proceedings. Costs in garnishment proceedings shall be allowed as in civil actions. The judge in awarding costs may·

"(1) in case the issue of the garnishee's liability to the principal defendant is not brought to trial, award the garnishee as costs against the plaintiff such reasonable attorney's fees as the garnishee incurred in filing his disclosure and other necessary expenses."

Costs are discretionary with the trial judge as GCR 1963, 526.9 states that the trial court "may"

award "reasonable attorney's fees" and other "necessary" costs.

In the case at bar, the court, faced with a contested bill of costs, awarded General Motors what it felt was a reasonable amount. While we may have made a different award had we been in the position of the trial court, our scope of review of a discretionary action by a trial court is limited, under these facts, to whether that action amounted to an abuse of discretion.

We believe trial courts should be sensitive to garnishee defendants' claims for costs. We are troubled by the possibility that large corporate garnishees such as General Motors are being required to underwrite the collection expenses of finance companies such as plaintiff. This is not the result anticipated by GCR 1963, 526.9.

Affirmed. No costs.